UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINA LYNNE UGARTE,

    Plaintiff,

v.                                              Case No.: 8:07-cv-735-T-23MSS

SUNSET CONSTRUCTION, INC., *et al*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes on for consideration of Plaintiff's Motion for Default Judgment (the "Motion").[1] (Dkt. 12) Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff moves the Court to entry a default judgment against Defendants Brian J. Murtha and Murtha & Murtha P.A. (hereinafter referred to as the "Murtha Defendants"). The Undersigned held a hearing on the Motion on September 17, 2008.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 2007, Plaintiff filed a complaint against the Murtha Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Florida's Consumer Collection Practices Act ("FCCPA"). (Dkt. 1) The Murtha Defendants waived service of summons on June 26, 2007. (Dkt. 3) The Murtha Defendants failed to respond to the complaint. On October 26, 2007, Plaintiff moved for entry of default based on the Murtha Defendants' failure to file a response to the complaint. (Dkt. 6) On October 29, 2007, the Clerk entered defaults against the Murtha Defendants. (Dkts. 8, 9) On January 16, 2008, Plaintiff filed

---

[1] This matter has been referred to the Undersigned for a Report and Recommendation pursuant to Title 28, United States Code, Section 636(b)(1)(B)-(C), Fed. R. Civ. P. 72, and Local Rules 6.01(a),(b) and 6.02(a), M.D. Fla. (Dkt. 42).

the instant Motion for Default Judgment. (Dkt. 12)

## II.   LEGAL STANDARD

Entry of a default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. When a party has failed to plead or otherwise defend and that fact is made to appear by affidavit or otherwise, the Clerk must enter a default. Fed. R. Civ. P. 55(a). After the Clerk has entered a default, a party may seek a default judgment. See Fed.R.Civ.P. 55(b). The effect of the Clerk's default is that a defendant admits the Plaintiff's well-pleaded allegations of fact as true. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987)(citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Court, however, must find that there is a sufficient basis in the pleadings for a default judgment to be rendered. See Nishimatsu Constr. Co., 515 F.2d at 1206. "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." Montgomery v. Florida First Financial Group, Inc., No. 6:06-cv-1639-Orl-31KRS, 2008 WL 3540374, *4 (M.D.Fla. August 12, 2008) (quoting Miller v. Paradise of Port Richey, Inc., 75 F.Supp.2d 1342, 1346 (M.D.Fla. 1999)).

## III.   DISCUSSION

Here, Plaintiff's complaint alleges that the Murtha Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and the Florida's Consumer Collection Practices Act ("FCCPA"). Under the FDCPA, a debt collector may not use false representation of any "compensation which may be lawfully received by any debt collector for the collection of a debt" or use unfair means to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by

the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692e(2)(B), 1692f(1) (2008). Similarly, the FCCPA states that no person shall "[c]laim, attempt, or threathen to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9) (2008). Plaintiff contends that the Murtha Defendants, as counsel for Defendant Sunset Construction, filed a state lawsuit against Plaintiff and claimed a right to recover attorney's fees when no such right existed. During the hearing, the Murtha Defendants conceded that their assertion that they were entitled to attorney's fees was a violation under the FDCPA. Accordingly, the Undersigned finds that Plaintiff has adequately pled a cause of action under the FDCPA and FCCPA.

Plaintiff seeks $1,000 in statutory damages against each Defendant under the FDCPA, $1,000 in statutory damages against each Defendant under the FCCPA, $94,825.00[2] in actual damages, and punitive damages. Under the FDCPA, any debt collector who fails to comply with the FDCPA shall be liable to the debtor for actual damages sustained by such person as result of the violation, additional damages, also known as statutory damages, that do not exceed $1,000, and attorney's fees and costs for bringing a successful action to enforce liability. 15 U.S.C. § 1692k (2008). A debtor may receive the same remedies under the FCCPA.[3] See Fla. Stat. § 559.77 (2008).

With respect to the statutory damages, the Undersigned recommends that the Court finds that Plaintiff is entitled to $1,000 under the FDCPA and $1,000 under the FCCPA.

---

[2] Plaintiff's counsel stated the total amount that Plaintiff sought under the FDCPA and FCCPA was $102,825.00. However, Plaintiff's counsel only provided specified amounts that totaled $94,825.00.

[3] "[T]he defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." Fla. Stat. § 559.77

Significantly, the Murtha Defendants conceded that they violated the FDCPA, and the Undersigned finds that their request for attorney's fees also violated the FCCPA. Defendant Brian Murtha testified that the Murtha Defendants were mistaken in their belief that the collection claim against Plaintiff was a commercial claim because it was a referred to the firm from the Commercial Law League of America, which is the nation's oldest referral service for attorneys who perform commercial ligation work. Defendant Brain Murtha testified that if the collection claim against Plaintiff had been a commercial claim, asserting their right to attorney's fees in the state lawsuit would not have violated the FDCPA. Even when the error became apparent for the Murtha Defendants, however, they did not amend the state court action to strike the demand for fees. Defendant Brian Murtha testified further that the Murtha Defendants purposely failed to respond to this present action, which has been pending for over a year. The Murtha Defendants did not respond to the complaint or make an attempt to set aside the Clerk's default. Only when ordered by the Court to appear for the hearing did the Murtha Defendants offer any response. Therefore, the Undersigned recommends that the Court finds that Plaintiff is entitled to the maximum amount of statutory damages awarded under the FDCPA and the FCCPA for the total amount to $2,000. Absent pursuit of this action, there is no indication that the Murtha Defendants would have made an effort to rectify this statutory violation. Though Plaintiff argues that she is entitled to $1,000 for each defendant under the FDCPA and FCCPA, the Undersigned finds that Defendants Brian J. Murtha and Murtha & Murtha, P.A. are extensions of each other and cannot be considered distinctly separate debt collectors for purposes of the violation under the FDCPA and FCCPA.

With respect to the actual damages, Plaintiff contends that she is entitled to $2,000 for

her time spent answering interrogatories and $2,825.00 for attorney's fees and costs associated with defending the state lawsuit. The Undersigned recommends that Plaintiff's request for $2,000 for her time spent answering interrogatories be DENIED. A *pro se* party is not entitled to "attorney's fees," i.e., time spent to defend a claim. With regards to Plaintiff's attorney's fee and costs, Plaintiff has not presented any evidence that she incurred this amount to defend the Murtha Defendants' claim for attorney's fees. Plaintiff suggests that the Murtha Defendants refusal to dismiss the lawsuit was also a violation of the FDCPA. However, Plaintiff did not provide any evidence that the Murtha Defendants' decision to continue the state lawsuit was a violation of the FDCPA or FCCPA. Plaintiff did not offer any evidence that the Murtha Defendants falsely represented the amount of the underlying debt. At the time of hearing, the state lawsuit was still pending. Further, Plaintiff has presented no evidence that the lawsuit was frivolous, and the mere filing of a lawsuit iss not a *per se* violation of the FDCPA and FCCPA. As such, the Undersigned finds that Plaintiff has not proven that the Murtha Defendants' decision to continue the state lawsuit violated the FDCPA or FCCPA; therefore, the Undersigned recommends that the Court finds that Plaintiff is not entitled to $2,825.00 for attorney's fees and costs for defending the state lawsuit.

Next, Plaintiff seeks $70,000 for emotional distress, including a $20,000 demand associated with Plaintiff's alleged suicide attempt. See Montgomery, 2008 WL 3540374 at *8 ("Compensation for emotional distress is considered a form of actual damages under the FDCPA."). Plaintiff testified that she suffered from depression and attempted to commit suicide due to the stress of defending against the Murtha Defendants' state lawsuit. Plaintiff has not provided any medical evidence or expert testimony showing a causal link between her suicide attempt and the state lawsuit or, more precisely, the Murtha Defendants'

improper claim for attorney's fees. Further, Plaintiff admitted that she was already under medical care and being prescribed medication for her depression prior to any contact with the Murtha Defendants or notice of the pendency of the state lawsuit. Plaintiff presented no competent evidence that her depression worsened due to the state lawsuit or the Murtha Defendants' claim for attorney's fees. Therefore, the Undersigned recommends that the Court finds that Plaintiff is not entitled to $70,000 for emotional distress.

Plaintiff seeks an additional $18,000.00 in lost wages for the period of April 2007 through April 2008. Plaintiff testified that because of the emotional distress arising from the state lawsuit she has not been able to work. As the Undersigned has already found that Plaintiff has not proven any emotional distress arising from the Murtha Defendants' claim for attorney's fees in the underlying state lawsuit, the Undersigned recommends that the Court finds that Plaintiff is not entitled to $18,000.00 in lost wages. As a factual matter, Plaintiff's claim for lost wages fails in any event. Plaintiff testified that she was terminated from her job at Winn Dixie due to an altercation she had with a co-worker. Plaintiff admits she is not working now, is not seeking work now and consumes a <u>substantial</u> amount of alcohol each day, a condition for which she has not sought any medical or psychological counseling.

Finally, Plaintiff seeks punitive damages. Under the FCCPA, the Court has discretion to award punitive damages. Fla. Stat. § 559.77(2) (2008). To obtain punitive damages for violation of the FCCPA, Plaintiff must show that the Murtha Defendants acted with malicious intent. See <u>Montgomery</u>, 2008 WL 3540374 at *10 (citing <u>Tallahassee Title Co. v. Dean</u>, 411 So. 2d 204, 205 (Fla. 1st Dist. Ct. App.1982)). Plaintiff's complaint does not allege malicious intent by the Murtha Defendants, and the Undersigned finds that the evidence presented, during the hearing, did not prove that the Murtha Defendants recklessly disregarded the

rights of Plaintiff. As such, the Undersigned recommends that denied Plaintiff's claim for punitive damages be DENIED.

Upon consideration, the Undersigned respectfully **REPORTS and RECOMMENDS** that Plaintiff's Motion (Dkt. 12) be **GRANTED** and that Plaintiff be awarded total damages in the amount of **$2,000.00**.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on this 30th day of September 2008.

MARY S. SCRIVEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within **ten (10) days** from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies furnished to:
Presiding District Judge
Counsel of Record